**Walter ARANGO–HERNANDEZ,**
**Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 10–71590.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 29, 2012.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Arthur Hunolt, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN and BYBEE, Circuit Judges.

MEMORANDUM **

Walter Arango–Hernandez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal [1] and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

■ Substantial evidence supports the Board's denial of withholding of removal because Arango–Hernandez failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir. 2009); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The Board did not abuse its discretion in denying Arango–Hernandez's motion to remand when he offered no evidence that he was targeted on account of a protected ground and the Board concluded he was a victim of criminal activity. *See Romero–Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir.2008) (reviewing for abuse of discretion, which occurs if Board decision is "arbitrary, irrational, or contrary to law").

Because the Board properly denied relief for lack of a nexus, we need not address Arango–Hernandez's contention that he suffered past persecution or has a well-founded fear of future persecution by forces the Guatemalan government is unable or unwilling to control.

**PETITION FOR REVIEW DENIED.**

1. Arango–Hernandez does not challenge the denial of asylum or protection under the Convention Against Torture.